IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Detention of:<br><br>E.E. | No. 88187-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BUI, J. — E.E. challenges an order committing her to 14-day involuntary detention pursuant to the "Involuntary Treatment Act" (ITA), ch. 71.05 RCW. She makes two claims for the first time on appeal. First, the court erred when it failed to make an on-the-record ruling determining if there was "reason to know" that E.E. is a member of an Indian tribe, and second, the trial court erred in failing to notify her of the right to have an independent professional examine her and testify on her behalf at public expense. Because E.E. did not raise either of these issues in the trial court or present any argument as to the applicability of RAP 2.5 to these claimed errors until her reply brief, E.E. has waived this challenge and we dismiss her appeal.

FACTS

On March 4, 2025, Kirkland Police Officers facilitated E.E.'s transport to a hospital after an incident. After she was admitted to Connections Health Solution (Connections), a Designated Crisis Responder (DCR) filed a petition for a 14-day involuntary treatment. The petition alleged that E.E. suffered from a behavioral health disorder, and as a result, presented a likelihood of harm to others, and

was in imminent danger due to grave disability.

At the conclusion of a probable cause hearing on the petition, the trial court concluded E.E. was gravely disabled, showing severe deterioration in routine functioning, evidenced by repeated and escalating loss of cognitive or volitional control over her actions and was not receiving such care as was essential for her health and safety. The court concluded that it was not in E.E. or others' best interest for E.E. to be treated in a less restrictive alternative setting. The court ordered E.E. involuntarily committed for 14 days.

E.E. timely appealed.[1]

ANALYSIS

E.E. presents two assignments of error in her appeal; that the trial court's failure to enter a ruling on the record as to whether there was "reason to know" that E.E. is a member of an Indian tribe and to notify her of the right to an independent expert at public expense separately and together require reversal of the order of commitment. As a threshold issue, the State contends in its response brief that E.E. has waived her ability to present the challenges she identifies in her appeal of the trial court's failure to determine an on-the-record inquiry about her tribal identity and the right to be advised about an independent professional to examine and testify on her behalf. In her reply brief, E.E. argues for the first time that these challenges are properly before this court because they involve a manifest error affecting a constitutional right. The State is correct.

---

[1] On July 01, 2026, E.E. filed a statement of additional authorities, which was considered by the panel along with the briefing and record.

Generally, an issue is waived if it is not raised in the trial court. RAP 2.5(a); Roberson v. Perez, 156 Wn.2d 33, 39, 123 P.3d 844 (2005). An exception to this rule is the manifest constitutional error doctrine. State v. WWJ Corp., 138 Wn.2d. 595, 602, 980 P.2d 1257 (1999). Under RAP 2.5(a)(3), a party may raise a "manifest error affecting a constitutional right" for the first time on appeal. The party seeking such review then assumes the burden to "identify a constitutional error and show how, in the context of the trial, the alleged error actually affected the defendant's rights; it is this showing of actual prejudice that makes the error 'manifest.' " State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). If a party seeks review of an issue under RAP 2.5, they bear the burden of demonstrating that the question is one of constitutional magnitude and the claimed error is manifest, see McFarland, 127 Wn.2d at 333, and this court does not consider arguments presented for the first time in reply briefs, In re Pers. Restraint of Rhem, 188 Wn.2d 321, 327, 394 P.3d 367 (2017).

Here, E.E. fails to even cite RAP 2.5 in her opening brief much less apply the facts of her case to the relevant standard such that she could satisfy her burden under the rule. Further, when this procedural deficiency was identified in the State's response brief, E.E. elected to argue the relevant standard under RAP 2.5, rather than acknowledge this binding procedural holding regarding arguments presented for the first time in a reply brief or identify how the rule had been satisfied in her opening brief. Accordingly, E.E.'s challenges are waived and we dismiss her appeal.

Dismissed.

WE CONCUR:

, ACJ